## JAY v. COULOMBE.

(Court of Appeals of District of Columbia.  Submitted January 13, 1921.  Decided February 7, 1921.)

### No. 1379.

**Patents ⊙—82—Party not continuing experiments until he saw adversary's device held properly denied priority for abandonment.**

A party to an interference proceeding, who, after making experiments not amounting to a reduction to practice, did nothing more for 3½ years, until he was spurred into activity by seeing the other party's device, though during such time he was actively engaged in prosecuting applications for patents on similar devices, was properly denied priority, on the ground that his experiment was abandoned, though he had been inadvertently granted a patent while the other party's application was pending.

Appeal from Decision of Commissioner of Patents.

Interference proceeding in the Patent Office between Webb Jay and Joseph C. Coulombe.  From a decision in favor of Coulombe, Jay appeals.  Affirmed.

Joseph R. Edson, of Washington, D. C., and Charles S. Burton, of Chicago, Ill., for appellant.

Robert Cushman, of Boston, Mass., and Arlon V. Cushman, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice.  This interference relates to an invention consisting of a two-chambered gasoline tank for internal combustion engines, in which the gasoline is drawn by suction from the source of supply into a receptacle located above, from which it is discharged by gravity to supply the engine carbureter as required.

It is unnecessary to set out the counts of the issue, since the case turns solely upon a question of fact in which we agree with the conclusions reached in the concurring decisions of the three tribunals below.

Jay was inadvertently granted a patent while the Coulombe application was pending.  Jay made some experiments in 1913, which did not amount to a reduction to practice.  He did nothing more for 3½ years, when he was spurred into activity by seeing his adversary's device.  It appears that, during this period, he was actively engaged in prosecuting applications for various other gasoline feeding devices. It also appears that in 1914 he assigned to the Stewart-Warner Company, of Chicago, all his inventions on fuel-feeding devices for internal combustion engines, but did not include the invention of the present issue.  These actions, together with the long period of inactivity, indicate conclusively that he regarded the present invention as worthless.  The finding of the Commissioner that what Jay did in 1913 resulted in an abandoned experiment was right.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.